**Nora Isabel MONTOYA-AGUILAR,
Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES of
America, Respondent**

No. 16-1243

United States Court of Appeals,
Third Circuit.

Submitted on Respondent's Motion for
Summary Action Pursuant to Third
Circuit L.A.R. 27.4 and I.O.P. 10.6
November 9, 2017

(Opinion filed: March 1, 2018)

Ayodele Gansallo, Esq., HIAS & Council
Migration Service of Philadelphia, Phila-
delphia, PA, John J. Grogan, Esq., Langer
Grogan & Diver, Philadelphia, PA, for Pe-
titioner

Loretta Lynch, Esq., Liza S. Murcia,
Esq., Anthony C. Payne, Esq., United
States Department of Justice, Office of
Immigration Litigation, Washington, DC,
for Respondent

Rebecca A. Sharpless, Esq., University
of Miami School of Law, Coral Gables, FL,
for Amicus-petitioner American Immigra-
tion Lawyers Association

Before: MCKEE, VANASKIE and
SCIRICA, Circuit Judges

---

OPINION *

PER CURIAM

Nora Isabel Montoya-Aguilar petitions
for review of the Agency's decision deny-
ing her application for asylum. The Gov-
ernment has filed a motion for summary
action. We will grant the Government's
motion and will deny the petition for re-
view.

Montoya-Aguilar is a citizen of El Salva-
dor who first entered the United States in
in 2004. She returned to El Salvador after
an Immigration Judge ("IJ") ordered her
removal to that country. Montoya-Aguilar
later returned to the United States, this
time with her minor daughter. The Gov-
ernment reinstated her previous order of
removal and placed her in a "withholding
only" proceeding pursuant to 8 C.F.R.
§§ 1208.31(e) and 1241.8(e), in which she
could apply for withholding of removal but
was ineligible for asylum. The Government
also served Montoya-Aguilar with a notice
to appear charging her daughter as remov-
able. Ultimately, an IJ granted Montoya-
Aguilar withholding of removal and grant-
ed her daughter asylum. Montoya-Aguilar
argued that she was eligible for asylum as
well, but the IJ concluded that she was
ineligible under the regulations referenced
above.

The Government appealed the IJ's grant
of withholding for Montoya-Aguilar, and
she appealed the IJ's denial of asylum. The
Board of Immigration Appeals ("BIA")
dismissed both appeals on the merits. As
to Montoya-Aguilar, the BIA agreed with
the IJ that the regulations referenced
above rendered her ineligible for asylum.

Montoya-Aguilar petitions for review.
Her sole challenge is to the BIA's reliance
on the regulations in deeming her ineligi-

---

\* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not

constitute binding precedent.

ble for asylum. She argues that those regulations are inconsistent with the statute that provides for eligibility for asylum, 8 U.S.C. § 1158(a). When Montoya-Aguilar filed her brief, that issue was under consideration in Cazun v. Attorney General, C.A. No. 15-3374. Thus, the Government moved to hold this petition in abeyance pending our decision in Cazun, and we granted that motion.

The Court has since decided that case. See Cazun v. Att'y Gen., 856 F.3d 249 (3d Cir. 2017). In Cazun, we held that the regulations Montoya-Aguilar challenges as inconsistent with § 1158(a) are reasonable interpretations of the relevant statutory scheme, including § 1158(a) and 8 U.S.C. § 1231(a)(5), and are entitled to deference under Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). See Cazun, 856 F.3d at 259-60. Thus, we rejected petitioner Cazun's challenge to the BIA's reliance on the regulations in that case and denied his petition for review.[1]

After we decided Cazun, the Government filed a motion for summary action in this case arguing that Cazun is controlling and requires that we deny Montoya-Aguilar's petition for review as well. We agree. Cazun squarely rejects the sole issues and arguments that Montoya-Aguilar has presented on review, and she has not filed a response to the Government's motion to argue otherwise. See Mendoza-Ordonez v. Attorney General of United States, 869 F.3d 164, 168 & n.11 (3d Cir. 2017) (applying Cazun in rejecting an identical challenge). Thus, we will grant the Government's motion for summary action and will deny the petition for review.

---

**1.** Although not strictly relevant to our analysis, we note the factual similarity between this case and Cazun. Both cases involved mothers who returned to the United States with a minor child and, in both cases, the Agency granted withholding to the mother and asylum to the child. In Cazun, we discussed the practical differences between those forms of relief. See Cazun, 856 F.3d at 252 n.3.